PROSKAUER ROSE LLP
Neal S. Schelberg (NSS-7985)
1585 Broadway
New York, New York  10036-8299
Tel: 212.969.3000
Fax: 212.969.2900

Kevin J. Pflug (KJP-2416)
1 Newark Center
Newark, NJ  07102-5211
Tel: 973.274.3200
Fax: 973.274.3299



*Attorneys for Plaintiff*
*Board of Trustees of the UFCW Local 174 Pension Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

BOARD OF TRUSTEES OF THE UFCW
LOCAL 174 PENSION FUND,

        Plaintiff,

        v.

PREMIER VEAL, INC.,

        Defendant.

----------------------------------------------------------

    :

    :

    :

    :

    :

    :

**COMPLAINT**

Case No.: _____

      Plaintiff, Board of Trustees of the UFCW Local 174 Pension Fund (the "Board" or "Plaintiff"), by and through its attorneys, Proskauer Rose LLP, states by way of complaint against Defendant, Premier Veal, Inc. ("Premier Veal" or the "Company"), as follows:

07 CV 7104

1.     This is an action seeking relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including but not limited to ERISA §§ 4201 through 4301, 29 U.S.C. §§ 1381 through 1451.

2.     The Board of Trustees of the UFCW Local 174 Pension Fund (the "Fund") established the UFCW Local 174 Pension Plan (the "Plan"), which at all relevant times was a multiemployer defined benefit pension plan, as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), with offices at 540 West 48th Street, New York, New York 10036-1130 and 900 South Avenue, 2nd Floor, Suite 64, Staten Island, New York, 10314.

3.     At all relevant times, Premier Veal was a New York corporation with offices at 555 West Street, New York, New York 10014, and engaged in the business of the sale of meat products.

4.     This Court has jurisdiction to hear this case pursuant to ERISA § 4301(c), 29 U.S.C. § 1451(c).

5.     Venue is proper in this district pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d).

6.     Pursuant to a collective bargaining agreement between Premier Veal and UFCW Local 174, the labor organization that, for collective bargaining purposes, represented the employees of Premier Veal, Premier Veal had a duty to contribute to the Fund in accordance with the terms of the collective bargaining agreement and the Amended and Restated Agreement and Declaration of Trust governing the Fund (the "Trust Agreement").

2

7.      Premier Veal made contributions to the Fund until April 2006, at which time it completely withdrew from the Plan and Fund.  This withdrawal triggered the imposition of withdrawal liability on Premier Veal, pursuant to ERISA § 4203, 29 U.S.C. § 1383.

8.      By letter dated October 27, 2006 (the "Demand Letter"), Plaintiff notified the Company that it had effected a complete withdrawal from the Plan and Fund and, therefore, was subject to the payment of withdrawal liability pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), and the terms of the Plan and Trust Agreement.  A true and correct copy of the Demand Letter and the Certified Mail Return Receipt are attached hereto and incorporated herein as Exhibit A.

9.      As explained in the Demand Letter, the payment schedule provided for a single payment of $2,611,300.00, or 80 equal quarterly payments of $29,346.00.  In accordance with ERISA § 4219, 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the demand letter, i.e., no later than December 27, 2006.

10.      Premier Veal failed and/or refused to remit payments to the Fund in accordance with the terms of the Demand Letter, ERISA § 4219, 29 U.S.C. § 1399, and the terms of the Plan and Trust Agreement.

11.      The Company's failure to make payments as demanded by Plaintiff in the payment schedule contained in the Demand Letter violates the terms of the Plan, the Trust Agreement and the relevant provisions of ERISA, including ERISA §§ 4219, 4221, and 4301, 29 U.S.C. §§ 1399, 1401 and 1451.

12.      By letter dated March 8, 2007 (the "Default Letter"), Plaintiff notified Premier Veal that the Fund had not received payment as described in the Demand Letter.  A true and

3

correct copy of the Default Letter and the Certified Mail Return Receipt are attached hereto and incorporated herein as Exhibit B.

13.     Notwithstanding the Default Letter, the Demand Letter, and the terms of the Plan, the Trust Agreement, and ERISA, the Company has continued to fail and/or refuse to make payments to the Plan.

14.     Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), because of Premier Veal's failure to pay its withdrawal liability to the Plan within 60 days of the date that it received the Default Letter, Premier Veal is in default and is required immediately to pay the total outstanding amount of the Company's withdrawal liability, plus accrued interest on the total outstanding liability from December 27, 2006, the due date of the first payment that was not timely made.

15.     By letter dated, May 21, 2007, Plaintiff advised Premier Veal that it was in default of its withdrawal liability and demanded immediate payment of $2,611,300.00, plus accrued interest of $70,260.18.  A true and correct copy of Plaintiff's May 21, 2007 letter and Certified Mail Return Receipt are attached hereto and incorporated herein as Exhibit C.

16.     By the acts and omissions set forth above, Premier Veal violated ERISA and the terms of the Plan and Trust Agreement.  As a result of Premier Veal's acts and omissions, the Fund has been damaged and has been deprived of money due and owing to the Fund.

WHEREFORE, the Board of Trustees of the UFCW Local 174 Pension Fund demands that judgment be entered in its favor and against Premier Veal, Inc. and that it be awarded $2,611,300.00, plus accrued interest from December 27, 2006, attorneys' fees, costs of suit, and such other legal and equitable relief as the Court may deem just and appropriate.

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Neal S. Schelberg (NSS-7985)
1585 Broadway
New York, New York  10036-8299
(212) 969-3000

Kevin J. Pflug (KJP-2416)
1 Newark Center
Newark, NJ  07102-5211
(973) 274-3200

Attorneys for Plaintiff
Board of Trustees of the
UFCW Local 174 Pension Fund

Dated:  August 9, 2007

# EXHIBIT

# A



# *UFCW Local 174*
## *Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

October 27, 2006

**By Certified Mail/ Return Receipt Requested**

Mr. Mark Hirschorn
Premier Veal, Inc.
555 West Street
New York, NY 10014

Re:    Notice and Demand for Payment of Withdrawal Liability
       UFCW Local 174 Pension Fund

Dear Hirschorn:

According to our records, Premier Veal, Inc. (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Pension Fund (the "Fund") as of April 30, 2006. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $2,611,300. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 80 quarterly installment payments, each in the amount of $29,346. Please find enclosed a payment schedule setting forth the Company's required withdrawal liability payments. Please note that interest on each such payment shall accrue until the date on which payment is actually made. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before December 27, 2006. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment

---



Page 2

becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

    (1)    Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

    (2)    Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

    (3)    Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

    (a)    the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

    (b)    120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

**_Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations._**

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within the controlled group. Please also note whether any of these organizations contributed to the Fund at any time.

Page 3

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _Brandi Lauletti_

Brandi Lauletti
Fund Administrator

Enclosures

cc: Amy Covert, Esq.

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

| | |
|---|---|
| **EMPLOYER:** | **Premier Veal, Inc.** |
| **Withdraw During Plan Year Beginning July 1:** | **2005** |

1. Plan's unfunded value of vested benefits as of June 30, 2005 — $ 87,019,383

2. Total of all employer contributions to the Plan for Plan Years 2000 - 2004 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2005) — $ 13,719,093

3. Unfunded value of vested benefits as of June 30, 2005 per dollar of employer contributions during Plan Years 2000 - 2004 = (1) / (2) — 6.34294

4. Premier Veal, Inc. contributions for Plan Years 2000 - 2004 — $ 411,686

5. Premier Veal, Inc. allocable share of the unfunded value of vested benefits as of June 30, 2005 = (3) x (4) — $ 2,611,300

6. De minimis threshold: smaller of 3/4% of (1) (.0075 x $87,019,383 = $652,645) and $50,000 — $ 50,000

7. Employer withdrawal liability amount after de minimis adjustment:

   (a) if (5) is less than (6) — N/A
   $0

   (b) if (5) is equal to or more than (6), but less than $100,000 — N/A
   Amount in (5) less amount in (6)

   (c) if (5) is between $100,000 and the sum of $100,000 and the amount in (6) — N/A
   Double amount in (5) less the sum of (6) and $100,000

   (d) if (5) is more than the sum of $100,000 and the amount in (6) — $ 2,611,300
   Amount in (5)

# UFCW LOCAL 174 PENSION FUND
# WITHDRAWAL LIABILITY

**EMPLOYER**                                                      Premier Veal, Inc.

**Payment Schedule**

1.   **High Contribution rate (Per Member Per Month Basis**                    $        200.00
     ERISA Section 4219(c)(1)(C)(i)(II)

2.   **Highest average consecutive three year Contribution Base Units**
     ERISA Section 4219(c)(1)(C)(i)(1)

| Plan Year Beginning July 1 | Months of Contributions | Average for prior 3 Years |
|---|---|---|
| 1995 | 451 | |
| 1996 | 642 | |
| 1997 | 580 | 558 |
| 1998 | 492 | 571 |
| 1999 | 425 | 499 |
| 2000 | 550 | 489 |
| 2001 | 533 | 503 |
| 2002 | 498 | 527 |
| 2003 | 439 | 490 |
| 2004 | 110 | 349 |

Highest 3 years Average          571.33

3.   **Amount of each annual payment: = (1) x (2)**                            $      114,266.00

4.   **Payment Schedule:**

| | Year Beginning | Balance at Beginning of Year | Payment Due* | Remaining Balance | 7.50% Interest | Balance at End of Year |
|---|---|---|---|---|---|---|
| 1 | 11/1/2006 | $2,611,300 | $114,266 | $2,497,034 | $187,278 | $2,684,312 |
| 2 | 11/1/2007 | $2,684,312 | $114,266 | $2,570,046 | $192,753 | $2,762,799 |
| 3 | 11/1/2008 | $2,762,799 | $114,266 | $2,648,533 | $198,640 | $2,847,173 |
| 4 | 11/1/2009 | $2,847,173 | $114,266 | $2,732,907 | $204,968 | $2,937,875 |
| 5 | 11/1/2010 | $2,937,875 | $114,266 | $2,823,609 | $211,771 | $3,035,380 |
| 6 | 11/1/2011 | $3,035,380 | $114,266 | $2,921,114 | $219,084 | $3,140,198 |
| 7 | 11/1/2012 | $3,140,198 | $114,266 | $3,025,932 | $226,945 | $3,252,877 |
| 8 | 11/1/2013 | $3,252,877 | $114,266 | $3,138,611 | $235,396 | $3,374,007 |
| 9 | 11/1/2014 | $3,374,007 | $114,266 | $3,259,741 | $244,481 | $3,504,222 |
| 10 | 11/1/2015 | $3,504,222 | $114,266 | $3,389,956 | $254,247 | $3,644,203 |
| 11 | 11/1/2016 | $3,644,203 | $114,266 | $3,529,937 | $264,745 | $3,794,682 |
| 12 | 11/1/2017 | $3,794,682 | $114,266 | $3,680,416 | $276,031 | $3,956,447 |
| 13 | 11/1/2018 | $3,956,447 | $114,266 | $3,842,181 | $288,164 | $4,130,345 |
| 14 | 11/1/2019 | $4,130,345 | $114,266 | $4,016,079 | $301,206 | $4,317,285 |
| 15 | 11/1/2020 | $4,317,285 | $114,266 | $4,203,019 | $315,226 | $4,518,245 |
| 16 | 11/1/2021 | $4,518,245 | $114,266 | $4,403,979 | $330,298 | $4,734,277 |
| 17 | 11/1/2022 | $4,734,277 | $114,266 | $4,620,011 | $346,501 | $4,966,512 |
| 18 | 11/1/2023 | $4,966,512 | $114,266 | $4,852,246 | $363,918 | $5,216,164 |
| 19 | 11/1/2024 | $5,216,164 | $114,266 | $5,101,898 | $382,642 | $5,484,540 |
| 20 | 11/1/2025 | $5,484,540 | $114,266 | $5,370,274 | $402,771 | '$5,773,045 |

   * To be paid in quarterly installments

5.   **Quarterly Payments**
     Quarterly Payments          **$29,346**        for 80 Quarters

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ ...ress on the reverse ...piece, | A. Received by (*Please Print Clearly*)  B. Date of Delivery |
| | C. Signature  X  ☐ Agent  ☐ Addressee |
| | D. Is delivery address different from Item 1?  ☐ Yes  If YES, enter delivery address below:  ☐ No |

C16 GREEN
355 Food
CONTAINER
BY 1047

☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (*Extra Fee*)

2. Article Number
(*Transfer from servic*)   7001 0360 0008 0018 6354

PS Form 3811, March 2001         Domestic Return Receipt         102595-01-M-1424



UNITED STATES POSTAL SERVICE
NEW YORK NY 100

01 NOV 2006 PM 12

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

UFCW Local 342
540 West 48th Street
New York, NY 10036-1130

Attention: Brandi Cauletti

RECEIVED NOV 3 - 2006

# EXHIBIT

# B



# *UFCW Local 174*
## *Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

March 8, 2007

**By Certified Mail/ Return Receipt Requested**

Mark Hirschorn
Premier Veal, Inc.
555 West Street
New York, NY 10014

Re:  Notice of Failure to Make Payments on Withdrawal Liability
     UFCW Local 174 Pension Fund

Dear Mr. Hirschorn:

By letter dated October 27, 2006, UFCW Local 174 Pension Fund (the "Fund") notified Premier Veal, Inc. (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (the "Demand Letter"). Specifically, the Demand Letter stated that the Company's payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of such letter, notwithstanding any request for review or appeal of the determinations of the amount of the withdrawal liability or the schedule of payments The Demand Letter assessed withdrawal liability on the Company in the amount of $2,611,300, payable in 80 equal quarterly installment of $29,346. The initial payment was due on or before December 27, 2006.

According to our records, the Company has not made any payment to the Fund as required under the Fund's Demand Letter. Please be advised that if the Company's failure is not cured within 60 days of receipt of this notice, the Company will be deemed in default of its withdrawal liability as provided by Section 4219(c)(5) of ERISA. The Fund will then be entitled to require immediate payment of the outstanding amount of the Company's withdrawal liability, plus accrued interest. The Fund may assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Payment should be made to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the above address.

---



If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _Brandi Lauletti_

Brandi Lauletti
Fund Administrator

cc:    Amy Covert, Esq.

3

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*355 FooD Ctr DVC*

Premier Veal, Inc *BLDG C-16*

555 West Street

NY, NY 10011 *Bronx NY 10474*

ATTN: MARK Hirschorn.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ronnie Bibel_     ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery  3/30/07

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:     ☐ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7003 1010 0000 9672 9205

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



UNITED STATES POSTAL SERVICE

NEW YORK NY 11~

20 MAR 2007 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

UFCW LOCAL 342
540 W. 48th St
NY, NY 10036

RECEIVED
MAR 22 2007
By Brandi Laulett

w/Liab Pymt 174PF

# EXHIBIT

# C



## *UFCW Local 174*
## *Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

May 21, 2007

**By Certified Mail/ Return Receipt Requested**

Mark Hirschorn
Premier Veal, Inc.
555 West Street
New York, NY 10014

Re:    Default on Withdrawal Liability
       UFCW Local 174 Pension Fund

Dear Mr. Hirschorn:

By letter dated October 27, 2006, UFCW Local 174 Pension Fund (the "Fund") notified Premier Veal, Inc. (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). At that time, the Company was provided with a demand for payment and payment schedule. By follow-up letter dated March 8, 2007, the Fund notified the Company of its failure to make payment and demanded that the Company cure the failure by making payment in accordance with the withdrawal liability payment schedule.

By letter dated March 13, 2007, Fund counsel responded to the Company's letter dated December 26, 2006, which made a request for review and appeal of the Company's withdrawal liability. In the March 13, 2007 letter, Fund counsel requested that the Company clarify the matters for review, and reiterated the Company's obligation to make payments notwithstanding any request for review. In addition, Fund counsel enclosed an Employer Questionnaire – Statement of Business Affairs, which the Company was required to complete and return within 30 days.

According to our records, the Company has not yet made payment as required, nor has it clarified the matters for review or returned the completed Employer Questionnaire – Statement of Business Affairs. As a result, and in accordance with Section 4219(c)(5) of ERISA, the Company is now in default of its withdrawal liability. The Board of Trustees hereby requires immediate payment of the outstanding amount of the Company's withdrawal liability, $2,611,300.00, plus accrued interest of $70,260.18, as shown in the enclosed schedule. To avoid legal action, please send a single payment of $2,681,560.18, made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: *Brandi Lauletti*
    Brandi Lauletti
    Fund Administrator


cc:    Amy Covert, Esq.


Enclosure

**UFCW 174 Pension Fund**
**Accrued Interest for**
**Premier Veal, Inc.**

| | |
|---|---|
| Date of demand letter | 10/27/2006 |
| Annual interest rate | 7.50% |
| First payment due (60 days from demand letter) | 12/26/2006 |
| Withdrawal liability amount | $2,611,300.00 |
| Accrued interest to 5/9/2007 | $70,260.18 |
| **Total payment due** | $2,681,560.18 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Hirschorn
Premier Veal, Inc.
555 West Street
New York, NY 10014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ernesto Pumando_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

HUNT  USPS  MAY 23 2007

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 2760 0003 0037 8252



UNITED STATES POSTAL SERVICE    NEW YORK NY 100

23 MAY 2007 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

UFCW Local 342
540 West 48th Street
New York, NY 10036
Attention: Brandi Lauletti

RECEIVED
MAY 2 5 2007
By

LI74PC