UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

BOARD OF TRUSTEES OF THE UFCW : 07 Civ. 7104 (GBD)
LOCAL 174 PENSION FUND,

          Plaintiff,        : **DECLARATION OF BRANDI**
                             : **LAULETTI IN SUPPORT OF**
         v.                   : **PLAINTIFF'S MOTION FOR**
                             : **JUDGMENT BY DEFAULT AGAINST**
PREMIER VEAL, INC.,         : **DEFENDANT PREMIER VEAL, INC.**

          Defendant.      : **Document Electronically Filed**

------------------------------------------------------------

I, Brandi Lauletti, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

    1.    I am the Pension Fund Administrator for the UFCW Local 174 Pension Fund (the "Pension Fund"). I have been employed by the Pension Fund in this position since approximately March of 2005. As Pension Fund Administrator, I am responsible for overseeing the day-to-day operations of the Pension Fund. My job responsibilities include, without limitation, collecting employer contributions, assessing and enforcing withdrawal liability on employers that have withdrawn from the Pension Fund, reviewing individual benefit calculations, preparing governmental filings, and sending communication materials to plan participants.

    2.    The Board of Trustees of the Pension Fund established the UFCW Local 174 Pension Plan (the "Plan"), which at all times relevant hereto was a multiemployer defined benefit plan, as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The purpose of the Plan is to

provide pension benefits to eligible employees on whose behalf employers contribute to the Pension Fund pursuant to collective bargaining agreements between employers in the food distribution industry and UFCW Local 174 (the "Union"). The Pension Fund is a third-party beneficiary of the collective bargaining agreements.

3. Defendant Premier Veal, Inc. ("Premier Veal") was a participating employer in the Pension Fund pursuant to a collective bargaining agreement, and as such, made contributions to the Pension Fund until April 2006, at which time it completely withdrew from the Pension Fund.

4. By letter dated October 27, 2006 (the "Demand Letter"), the Pension Fund notified Premier Veal that it had effected a complete withdrawal from the Pension Fund. Annexed hereto as Exhibit A is a true and correct copy of the Demand Letter and the Certified Mail Return Receipt.

5. Premier Veal failed to remit payments to the Fund in accordance with the terms of the Demand Letter.

6. By letter dated December 26, 2006, Mark Hirschorn, President of Premier Veal, informed the Pension Fund that "Premier Veal is out of business and does not have enough assets left to satisfy the total amount requested withdrawal liability by the UFCW Local 174 Pension Fund." Annexed hereto as Exhibit B is a true and correct copy of that December 26, 2006 letter.

7. By letter dated March 8, 2007 (the "Default Letter"), the Pension Fund notified Premier Veal that the Pension Fund had not received payment as described in the Plan's Demand Letter. Annexed hereto as Exhibit C is a true and correct copy of the Default Letter and the Certified Mail Return Receipt

8. By letter dated May 21, 2007, the Pension Fund advised Premier Veal that it was

in default of its withdrawal liability and demanded immediate payment of $2,611,300.00, plus accrued interest of $70,260.18. Annexed hereto as Exhibit D is a true and correct copy of the that May 21, 2007 letter and certified mail return receipt.

9. To date, the Fund has not received any payments from Premier Veal in satisfaction of its withdrawal liability obligations.

Dated: February /2, 2008

_____
Brandi Lauletti