(Brandi Lauletti)

# EXHIBIT

# A

 

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

October 27, 2006

**By Certified Mail/ Return Receipt Requested**

Mr. Mark Hirschorn
Premier Veal, Inc.
555 West Street
New York, NY 10014

Re:  Notice and Demand for Payment of Withdrawal Liability
     UFCW Local 174 Pension Fund

Dear Hirschorn:

According to our records, Premier Veal, Inc. (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Pension Fund (the "Fund") as of April 30, 2006. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $2,611,300. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 80 quarterly installment payments, each in the amount of $29,346. Please find enclosed a payment schedule setting forth the Company's required withdrawal liability payments. Please note that interest on each such payment shall accrue until the date on which payment is actually made. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before December 27, 2006. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment

---

• UFCW LOCAL 174 PENSION FUND • UFCW LOCAL 174 RETAIL PENSION FUND • UFCW LOCAL 174 COMMERCIAL PENSION FUND •
• UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND • FUR WORKERS LOCAL 3F PENSION FUND • FUR SERVICE EMPLOYEES PENSION FUND •
• UNITED MECHANICS 150 PENSION FUND •



Page 2

becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

    (1) Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

    (2) Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

    (3) Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

    (a) the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

    (b) 120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

*Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations.*

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within the controlled group. Please also note whether any of these organizations contributed to the Fund at any time.

Page 3

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: *Brandi Lauletti*
Brandi Lauletti
Fund Administrator

Enclosures

cc: Amy Covert, Esq.

## UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

| | |
|---|---|
| **EMPLOYER:** | Premier Veal, Inc. |
| **Withdraw During Plan Year Beginning July 1:** | 2005 |

1. Plan's unfunded value of vested benefits as of June 30, 2005 — $ 87,019,383

2. Total of all employer contributions to the Plan for Plan Years 2000 - 2004 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2005) — $ 13,719,093

3. Unfunded value of vested benefits as of June 30, 2005 per dollar of employer contributions during Plan Years 2000 - 2004 = (1) / (2) — 6.34294

4. Premier Veal, Inc. contributions for Plan Years 2000 - 2004 — $ 411,686

5. Premier Veal, Inc. allocable share of the unfunded value of vested benefits as of June 30, 2005 = (3) x (4) — $ 2,611,300

6. De minimis threshold: smaller of 3/4% of (1) (.0075 x $87,019,383 = $652,645) and $50,000 — $ 50,000

7. Employer withdrawal liability amount after de minimis adjustment:

   (a) if (5) is less than (6) — N/A
   $0

   (b) if (5) is equal to or more than (6), but less than $100,000 — N/A
   Amount in (5) less amount in (6)

   (c) if (5) is between $100,000 and the sum of $100,000 and the amount in (6) — N/A
   Double amount in (5) less the sum of (6) and $100,000

   (d) if (5) is more than the sum of $100,000 and the amount in (6) — $ 2,611,300
   Amount in (5)

## UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

**EMPLOYER**            Payment Schedule            **Premier Veal, Inc.**

1. High Contribution rate (Per Member Per Month Basis      $ 200.00
   ERISA Section 4219(c)(1)(C)(i)(II)

2. Highest average consecutive three year Contribution Base Units
   ERISA Section 4219(c)(1)(C)(i)(1)

| Plan Year Beginning July 1 | Months of Contributions | Average for prior 3 Years |
|---|---|---|
| 1995 | 451 | |
| 1996 | 642 | |
| 1997 | 580 | 558 |
| 1998 | 492 | 571 |
| 1999 | 425 | 499 |
| 2000 | 550 | 489 |
| 2001 | 533 | 503 |
| 2002 | 498 | 527 |
| 2003 | 439 | 490 |
| 2004 | 110 | 349 |

Highest 3 years Average      571.33

3. Amount of each annual payment: = (1) x (2)          $ 114,266.00

4. Payment Schedule:

| | Year Beginning | Balance at Beginning of Year | Payment Due* | Remaining Balance | 7.50% Interest | Balance at End of Year |
|---|---|---|---|---|---|---|
| 1 | 11/1/2006 | $2,611,300 | $114,266 | $2,497,034 | $187,278 | $2,684,312 |
| 2 | 11/1/2007 | $2,684,312 | $114,266 | $2,570,046 | $192,753 | $2,762,799 |
| 3 | 11/1/2008 | $2,762,799 | $114,266 | $2,648,533 | $198,640 | $2,847,173 |
| 4 | 11/1/2009 | $2,847,173 | $114,266 | $2,732,907 | $204,968 | $2,937,875 |
| 5 | 11/1/2010 | $2,937,875 | $114,266 | $2,823,609 | $211,771 | $3,035,380 |
| 6 | 11/1/2011 | $3,035,380 | $114,266 | $2,921,114 | $219,084 | $3,140,198 |
| 7 | 11/1/2012 | $3,140,198 | $114,266 | $3,025,932 | $226,945 | $3,252,877 |
| 8 | 11/1/2013 | $3,252,877 | $114,266 | $3,138,611 | $235,396 | $3,374,007 |
| 9 | 11/1/2014 | $3,374,007 | $114,266 | $3,259,741 | $244,481 | $3,504,222 |
| 10 | 11/1/2015 | $3,504,222 | $114,266 | $3,389,956 | $254,247 | $3,644,203 |
| 11 | 11/1/2016 | $3,644,203 | $114,266 | $3,529,937 | $264,745 | $3,794,682 |
| 12 | 11/1/2017 | $3,794,682 | $114,266 | $3,680,416 | $276,031 | $3,956,447 |
| 13 | 11/1/2018 | $3,956,447 | $114,266 | $3,842,181 | $288,164 | $4,130,345 |
| 14 | 11/1/2019 | $4,130,345 | $114,266 | $4,016,079 | $301,206 | $4,317,285 |
| 15 | 11/1/2020 | $4,317,285 | $114,266 | $4,203,019 | $315,226 | $4,518,245 |
| 16 | 11/1/2021 | $4,518,245 | $114,266 | $4,403,979 | $330,298 | $4,734,277 |
| 17 | 11/1/2022 | $4,734,277 | $114,266 | $4,620,011 | $346,501 | $4,966,512 |
| 18 | 11/1/2023 | $4,966,512 | $114,266 | $4,852,246 | $363,918 | $5,216,164 |
| 19 | 11/1/2024 | $5,216,164 | $114,266 | $5,101,898 | $382,642 | $5,484,540 |
| 20 | 11/1/2025 | $5,484,540 | $114,266 | $5,370,274 | $402,771 | $5,773,045 |

* To be paid in quarterly Installments

5. Quarterly Payments
   Quarterly Payments          $29,346      for 80 Quarters

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ ...dress on the reverse<br>...piece,<br>1. C16 Rosen<br>355 Fad<br>center Dr<br>BY 1047 N | A. Received by (Please Print Clearly)  B. Date of Delivery<br>C. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>D. Is delivery address different from Item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>Type:<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) |
| 2. Article Number (Transfer from service) | 7001 0360 ____ ____ 6354 |
| PS Form 3811, March 2001 | Domestic Return Receipt  102595-01-M-1424 |



UNITED STATES POSTAL SERVICE

01 NOV 2006 PM 12

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

UFCW Local 342
540 West 48th Street
New York, NY 10036-1130
Attention: Brandi Lauletti

w/ liability

RECEIVED NOV 3 - 2006