PROSKAUER ROSE LLP
Russell L. Hirschhorn
Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UFCW LOCAL 174 PENSION FUND, | 07 Civ. 7104 (GBD) |
| Plaintiff, | |
| v. | **ECF Case** |
| PREMIER VEAL, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**

The Board of Trustees of the UFCW Local 174 Pension Fund (the "Trustees") respectfully submits this Memorandum of Law in Support of its Motion for a Default Judgment, pursuant to Rule 55 of the Federal Rule of Civil Procedure and Rules 55.1 and 55.2 of the Local Civil Rules for the United States District Court for the Southern District of New York, for entry of a default judgment by the Court against Defendant Premier Veal, Inc. ("Premier Veal") for its failure to Answer or otherwise respond to the Trustees' Complaint within the time set forth in the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Premier Veal's obligation under the collective bargaining agreement between Premier Veal and United Food and Commercial Workers, Local 174 ("UFCW Local 174") ("CBA") to contribute to the UFCW Local 174 Pension Fund (the "Pension Fund").  Consistent with the CBA and the Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement") that governs the Fund, Premier Veal made contributions to the Pension Fund until April 2006, at which time it completely withdrew from the Fund.  This withdrawal triggered the imposition of withdrawal liability on Premier Veal, pursuant to Section 4203 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1383.

The Trustees notified Premier Veal by letter dated October 27, 2006 (the "Demand Letter") that Premier Veal had effected a complete withdrawal from the Pension Fund and, therefore, was subject to the payment of withdrawal liability pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), as well as the terms of the Trust Agreement. (*See* Ex. A to Lauletti Decl.)  As explained in the Demand Letter, the payment schedule provided for a single payment of $2,611,300.00, or 80 equal quarterly installment payments of $29,346.00.

(*See id.*)  In accordance with ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.*, no later than December 27, 2006.  (*See id.*)

The Trustees notified Premier Veal, by letter dated March 8, 2007 (the "Default Letter"), that the Pension Fund had not received payment as described in the Demand Letter and provided Premier Veal with an additional 60 days to cure its default.  (*See* Ex. C to Lauletti Decl.)

On May 21, 2007, when Premier Veal still failed and/or refused to remit payments to the Pension Fund in accordance with the terms of the Demand Letter, ERISA § 4219, 29 U.S.C. § 1399, and the Trust Agreement, the Pension Fund informed Premier Veal that, pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), it was in default of its withdrawal liability and demanded immediate payment of $2,611,300.00, plus accrued interest in the amount of $70,260.18.  (*See* Ex. D to Lauletti Decl.)

The Trustees commenced this action against Premier Veal on August 9, 2007, by filing the Summons and Complaint.  (*See* Ex. A to Pflug Decl.)  Process was served on Premier Veal via the Secretary of State of the State of New York by Jessica Miller on August 16, 2007. (*See* Ex. B to Pflug Decl.)  Premier Veal failed to respond to the Complaint.

## ARGUMENT

A default judgment may be entered against any party over whom the Court has jurisdiction who fails to plead or otherwise defend within the twenty days allowed by Rule 12(a). *See* Fed. R. Civ. P. 55; *Trustees of the CWA Local 14156 – Printers, Publishers & Media Workers Benefit Fund v. Rumar Typesetting and Design*, No. 05-Civ-1455, 2006 U.S. Dist. LEXIS 26662 (S.D.N.Y. May 5, 2006) (granting a motion for a default judgment where defendant did not timely answer complaint); *Mason Tenders District Council Welfare Fund v.*

2

*Bold Constructions Co., Inc.*, No. 01-Civ-641, 2002 U.S. Dist. LEXIS 14024 (S.D.N.Y. Aug. 1, 2002) (same); *see also* 10A Charles Alan Wright, Arthur F. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3d Ed. 1998) (noting that "[i]f the court has jurisdiction over an action seeking affirmative relief, a default may be entered against any party who fails to plead or otherwise defend within the twenty days allowed by Rule 12(a)"). As a result of defendant's failure to respond to the Complaint, the factual allegations set forth therein should be accepted as true by the Court. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). There is no requirement that the Court conduct a hearing on the issue of damages where, as here, detailed affidavits and documentary evidence are submitted to the Court. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (affirming grant of default judgment and compensatory damages where district court relied on affidavits and documentary evidence in determining appropriate damages) (citing *Fustok v. Conti-Commodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *Luc Vets Diamant v. Dynasty Diamond & Jewelry Group Corp.*, No. 04-Civ-3844, 2006 U.S. Dist. LEXIS 23430, at *7 (S.D.N.Y. Feb. 14, 2006) (granting motion seeking a default judgment and awarding damages based on an affidavit and documentary evidence submitted by the plaintiff).

Courts routinely grant default judgments in favor of ERISA funds seeking withdrawal liability when the defendant fails to answer. *See, e.g., Abondolo v. Faraldi*, No. 00-7079, 2000 U.S. App. LEXIS 29569 (2d Cir. Nov. 15, 2000) (affirming district court's denial of motion to vacate a default judgment where plaintiff pension fund trustees were seeking withdrawal liability); *Trustees of the Retirement Fund of the Amalgamated Ins. Fund v. Lopel Sec., Inc.*, No. 07 Civ. 218, 2007 U.S. Dist. LEXIS 39604 (S.D.N.Y. June 1, 2007) (granting a default judgment in an action seeking withdrawal liability); *New York State Teamsters Conference Pension and*

3

*Ret. Fund v. Doren Ave. Assoc.*, Inc., 321 F. Supp. 2d 435, 437 n.1 (S.D.N.Y. 2004) (same).

In short, by the acts and omissions set forth above, Premier Veal violated ERISA and the terms of the CBA and Trust Agreement. The Pension Fund has been damaged and has been deprived of money due and owing to it. Because the Premier Veal has failed to answer or otherwise respond to the Complaint, the Court should grant the Trustees' motion for a default judgment in favor of the Trustees.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Plaintiff's Motion for a Default Judgment.

Dated: February 26, 2008

        Respectfully submitted,

        PROSKAUER ROSE LLP

        By:    s/ Russell L. Hirschhorn
                 Russell L. Hirschhorn
                 Kevin J. Pflug
        1585 Broadway
        New York, New York 10036-8299
        P: 212.969.3286
        F: 212.969.2900
        *Attorneys for Plaintiff*